FILED
CLERK
11/18/2026 1:19 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
RAYMOND MINEWISER, JR.,

Plaintiff,

-against-

HOFSTRA UNIVERSITY, *et al.*,

Defendants.
--------------------------------------------------------------X

**ORDER**
26-CV-4035(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by Raymond Minewiser, Jr. ("Plaintiff"), acting *pro se*, and with a civil rights complaint brought pursuant to 42 U.S.C. § 1983. *See* Docket Entry ("DE") 1–2. Also before the Court is an "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" ("Emergency Motion") that requests an order from this Court that "Put[s] An End To My aot Order."[1] DE 5 at 3.

Upon review, the Court finds that Plaintiff is qualified by his financial position as reported on the IFP application to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, the Complaint, DE 1, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Given the dismissal of the Complaint, the Emergency Motion is denied.

[1] The Court understands "aot" to reference "assisted outpatient therapy." *See* DE 5 at 1.

## BACKGROUND

### I. Summary of the Complaint[2]

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and purports to allege deprivations of Plaintiff's First, Fourth, and Eighth Amendment rights. *See* DE 1, *in toto,* and at 1, 4, 9. Named as defendants are Hofstra University ("Hofstra"), Nassau County, Nassau County Police Department ("NCPD"), Nassau County Mobile Crisis Unit ("NCMCU"), and the Nassau University Medical Center-Nassau Health Care Corporation (the "Hospital" and collectively "Defendants"). *Id.* at 1–2. The complaint challenges Hofstra's alleged "mislabeling [plaintiff] as a white aggressive male and [as a] possible/probable school shooter." *Id.* at 5. More specifically, the complaint alleges that, during late December 2024 and during the period from January 7, 2025 to February 13, 2025:

> Hofstra wrongfull accused & labeled me an aggressive white male school shooter. Orchestrated all of this! NCPD wrongfully searched my place & found nothing. Later wrongfully had me arrested. Mobil crisis wrongfully brought me with NCPD to NUMC to be mentally evaluated. NUMC wrongfully admitted me, forced me on medication wrongfully. Kept me there 8 weeks wrongfully. Wrongfully diagnosed me with Bipolar & Schizophrenia. Wrongfully put me on AOT for a year & now AOT has extended it for another year!

*Id.* at 9. According to the complaint:

> Hofstra wrongfully had officers come to my Apartment late at night & search my place for guns. For which they found none. Later returning to use their public library. They (hofstra) called 20 cops on me. Abused their power to have NCPD Arrest me for only Registration & Inspection (Normally just citations). Then hofstra lied to Nassau County Mobile Crises & had them take me to NUMC for "Mental Health Evaluation" After I exercised my Freedom of Speech & posted on

[2] Excerpts from the Complaint have been reproduced here as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> social media about what hofstra did to me.
>
> Conveniently, the Judge who later mandated me to take medication & be on AOT upon release was a hofstra Law graduate! That's clear conflict of interest, & connections/conspiring against me!
>
> Then after disproven I was a school shooter hofstra called homeland security lying saying i was to put more pressure on NUMC to admit me when I was being evaluated. Clear abuse of power & connections & wrongful actions!
>
> Nassau County Mobile Crisis with no legitimate reason ordered NCPD to bring me in to NUMC. That's abusing their power. You can't claim someones mentally ill when showing no signs but just because a university told to do that or you don't like him etc.
>
> Nassau County Police Department wrongfully carried out this mobile crises verbal order despite questioning it. They illegally stepped into my residence & put their hands on me. Putting me in a position to go with them or make things worse. Wrongful & unlawful actions! Also initially listened to hofstra to search my place for guns. Then gave the greenlight to me & said I was good & it was a misunderstanding. But then when I returned to hofstra they called 20 cops on me then only ended up being arrested for registration & inspection! That's a citation, not an arrest! But they wanted to send a message. You work for the law not hofstra!
>
> Nassau University Medical Center admitted me involuntary! That means I'm either a danger to myself or others. When & where? They wrongfully kept me in basically an isolation room for 8 weeks. Wrongfully forced me on medication that turned me into a zombie. Wrongfully kept me there 8 weeks. Took me off medication that was helping anxiety I developed in their because "Your not gonna sleep your way through this" as though Im being punished for not doing anything. And after showing no signs of mental illness the entire time. Misdiagnosed me as Bipolar & schizophrenic. Bipolar because some family are bipolar & schizophrenic because I said I talk to God & have a relationship with him as a Christian. That's a huge lawsuit. Then after 8 weeks they let me go but they don't. They put me on AOT for a year & still mandated medication. And my AOT reevaluation just got reextended for another year!

*Id.* at 9.

In the space that calls for a description of any injuries suffered, Plaintiff wrote:

> I was incoherent for a long time even months after release from NUMC. The medication they forced me on combined with isolation basically with nothing to do for 8 weeks did this to me. I developed extremely bad anxiety & asked for medicine for it which they took days to finally give me. Then when they saw it was helping they took me off of it. Dr. Sasaran. I was extremely depressed & purposeless after all this. Which is why its taken so long for me to finally do this. I had to teach myself how to do basic things again after being medicated & staring at a wall for 8 weeks. They took my quality of life from me in there & upon release as well. I'm seen 6 times a month by AOT. This is harassment & I'm still forced to be on medicine. Its demoralizing every time they inject me & they extended AOT for another year!

*Id*. at 10–11 ¶ IV. For relief, Plaintiff seeks to recover a damages award in the total sum of $8 million because "[a]ll these entities are huge agencies, institutions, etc. They all make a ton of money. I need to charge them an amount that they really feel it! & never do something like that again! I AM NOT A SLAVE." *Id.* at 10 ¶ V.

**LEGAL STANDARDS**

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for IFP status and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

**I. *In Forma Pauperis***

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his reported financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP application, DE 2, is granted.

## II. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief," and each averment of a pleading shall be "simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. *See id.*; *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. *See Patrick*, 2014 WL 7476972, at *1–2.

## DISCUSSION

### I. Section 1983 Claims

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* Here, although Plaintiff claims a deprivation of his First, Fourth, and Eighth Amendment rights, the Complaint does not allege a plausible Section 1983 claim for the reasons that follow.

**A. Improper Defendants**

**1) Lack of State Action**

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). However, a private actor may act under color of state law for purposes of Section 1983 if they are a "'willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

Alternatively, Section 1983 liability may also extend to a private party who conspired with a state actor to violate the plaintiff's constitutional rights. *Ciambriello*, 292 F.3d at 323–24. To show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." *Id.* at 324-25.

Here, Plaintiff names Hofstra, a private university, as a defendant and does not allege any facts from which the Court could reasonably construe state action by Hofstra as acting jointly with a state actor or by conspiring with a state actor to deprive Plaintiff of his constitutional

rights. Thus, Plaintiff has not alleged a plausible conspiracy or joint actor claim. Accordingly, Plaintiff's Section 1983 claim against Hofstra is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

**2) Lack of Capacity**

Plaintiff also names the NCPD and NCMCU (a division of the Nassau County Department of Mental Health) as defendants; however, these municipal agencies lack an identity independent from the municipality, Nassau County. Thus, without a separate legal identity, none of these entities are amendable to suit under New York law. *Ochei v. Nassau County Supreme Court.,* No. 11-CV-5665 (JFB)(ETB), 2012 WL 159620, at *3 (E.D.N.Y. Jan. 13, 2012) (citing *Hall v. City of White Plains*, 185 F.Supp.2d 293, 303 (S.D.N.Y.2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.")); *Harris v. Nassau County.*, No. 13-CV-4729 (NGG)(ST), 2016 WL 3023265, at *12 (E.D.N.Y. May 23, 2016) ("Because the NCPD [Nassau County Police Department] is an administrative arm of the municipality of Nassau County, any claims against it must be dismissed.")).

Thus, plaintiff's Section 1983 claim against NCPD and NCMCU are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**B. Municipal Liability**

Municipal governments, like Nassau County, may be held liable under Section 1983 only for unconstitutional or illegal policies, not on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As Judge Bianco has explained:

> Although municipalities, including Nassau County, are also not "persons" within the meaning of § 1983, the Supreme Court has permitted Section 1983 suits against municipalities, but only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Turtle*, 471 U.S. 808, 823–24 (1995)

*Ochei*, 2012 WL 159620, at *3.

Similarly, the Hospital is a subsidiary of the Nassau Health Care Corporation ("NHCC"), which is a "public benefit corporation" established by Section 3402 of New York's Public Authorities Law.[3] *See, e.g.*, *Knudson v. County of Nassau*, No. 21-CV-582 (GRB) (ARL), 2026

---

[3] Section 3415 of the Public Authorities Law states:

> Except in an action for wrongful death, no action or special proceeding shall be prosecuted or maintained against the [Nassau Health Care Corporation], its members, officers or employees for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence, tort or wrongful act of the corporation or of any member, officer, agent or employee thereof, unless (a) notice of claim shall have been made and served upon the corporation within the time limit set by and in compliance with section fifty-e of the general municipal law. . .

N.Y. Pub. Auth. Law § 3415(1). Given that the complaint does not allege that Plaintiff has timely served a notice of claim, the Court informs Plaintiff of this requirement for his benefit in assessing whether amendment of these claims would be futile.

WL 607955, at *5 (E.D.N.Y. Mar. 4, 2026). As such, the Hospital is a state actor for purposes of Section 1983. *See*, *e.g.*, *Mulvey v. Nassau Univ. Med. Ctr.*, No. 23-CV-8855 (SJB) (LGD), 2026 WL 555041, at *4 (E.D.N.Y. Feb. 27, 2026). However, such entities are only liable "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Id.* at *7 (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)."

Here, Nassau County and the Hospital could only face liability if Plaintiff had alleged that the deprivation of his constitutional rights was pursuant to some policy or because of a pattern or practice of attributable to Nassau County and/or the Hospital. As is readily apparent, the complaint is devoid of any such allegations. *See* DE 1. Plaintiff has not pled that the constitutional violations of which he allegedly suffered were the result of a policy or practice of Nassau County or the Hospital. Accordingly, Plaintiff's Section 1983 claims against Nassau County and the Hospital are not plausible and must be dismissed. *See*, *e.g.*, *Agosto v. Nassau Cnty. Corr. Cntr.*, No. 25-CV-4269(GRB)(LGD), 2025 WL 2696542, at *3 (E.D.N.Y. Sept. 22, 2025) (citing *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom")). Accordingly, since Plaintiff has failed to allege any facts from which the Court could reasonably infer a municipal liability claim, his Section 1983 claims against Nassau County and

the Hospital are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**II. State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in state court.

**III. Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation

omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42.

Here, the deficiencies in Plaintiff's claims against the NCPD, and the NCMCU are substantive and could not be cured with better pleading. Accordingly, leave to amend these dismissed claims would be futile and is thus denied. However, insofar as Plaintiff seeks to impose liability upon Hofstra, Nassau County, and the Hospital through a different vehicle, the Court grants plaintiff leave to file an amended complaint in accordance with the guidance set forth above should he wish to pursue such claims.[4] Any Amended Complaint shall be filed within thirty (30) days from the date of this Memorandum and Order, clearly labeled "Amended Complaint", and shall bear the docket number 26-CV-4035 (GRB)(ARL). Alternatively, Plaintiff may pursue any valid claims he may have against any Defendant in state court.

**CONCLUSION**

Based on the foregoing, Plaintiff's IFP application, DE 2, is granted. However, the Complaint is dismissed as set forth above pursuant to 28 U.S.C. § 1915(e)(2)(B). Given the dismissal of the complaint, the Emergency Motion (DE 5) is likewise denied. *See Morales v. Gugerty*, No. 14-CV-3706 (JFB) (ARL), 2014 WL 3368443, at *1 (E.D.N.Y. July 3, 2014)

---

[4] The Court encourages plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court. The Clinic offers services such as: providing brief legal counseling; advising you about potential federal claims prior to filing suit; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Additionally, the Clinic may aid you during the discovery process, and, in appropriate circumstances, may represent you at deposition or in the settlement process. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

("Given the dismissal of the complaint, plaintiff's request for preliminary injunctive relief is denied as moot.").

The Court grants plaintiff leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order, clearly labeled "Amended Complaint", and shall bear the docket number 26-CV-4035 (GRB)(ARL). Unless Plaintiff files an Amended Complaint within the time allowed, judgment shall enter and this case will be closed.

The Clerk of the Court shall mail a copy of this order to the Plaintiff at his address of record and shall note such mailing on the docket.

**SO ORDERED**.

*/s Gary R. Brown*
Hon. Gary R. Brown
United States District Judge

Dated: November 18, 2026
Central Islip, New York